ACCEPTED
12-14-00294-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
2/9/2015 3:55:32 PM
CATHY LUSK
CLERK

NO. 12-14-00294-CR

IN THE COURT OF APPEALS

FOR THE

TWELFTH SUPREME JUDICIAL DISTRICT OF TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
2/9/2015 3:55:32 PM
CATHY S. LUSK
Clerk

---

**JACKIE MAE CORNWELL,**
**APPELLANT**

vs.

**THE STATE OF TEXAS,**
**APPELLEE**

---

ON APPEAL IN CAUSE NUMBER 35,906
FROM THE COUNTY COURT
OF WOOD COUNTY, TEXAS

---

**BRIEF FOR THE APPELLEE**
**THE STATE OF TEXAS**

---

JIM WHEELER                          ANGELA HAMMONDS
CRIMINAL DISTRICT ATTORNEY           ASST. CRIMINAL DISTRICT ATTORNEY

HENRY WHITLEY
SPECIAL ASST. CRIMINAL DISTRICT ATTORNEY

P.O. BOX 689
QUITMAN, TX 75783
903-763-4515

LISA McMINN
STATE'S PROSECUTING ATTORNEY
AUSTIN, TEXAS

ATTORNEYS FOR THE STATE OF TEXAS

ORAL ARGUMENT REQUESTED

## TABLE OF CONTENTS

NAMES OF ALL PARTIES........................................................................3

LIST OF AUTHORITIES.........................................................................4

THE CASE IN BRIEF.............................................................................6

STATEMENT OF THE CASE....................................................................6

STATE'S COUNTERPOINTS....................................................................7

### COUNTERPOINT NO. 1

AS THE SOLE JUDGE OF THE CREDIBILITY OF THE WITNESSES AND THE WEIGHT TO BE GIVEN THEIR TESTIMONY THE TRIAL COURT RESOLVED CONFLICTING TESTIMONY IN FAVOR OF THE STATE FINDING WITNESS DAVENPORT HAD PERSONAL KNOWLEDGE OF THE VIOLATIONS DOCUMENTED IN THE APPELLANT'S PROBATION FILE.

### COUNTERPOINT NO. 2

THE BUSINESS RECORDS PREDICATE CONTAINED IN TEX. RULES EVID., RULE 803(6) IS SUFFICIENTLY DEVELOPED TO BE SUBSTANTIALLY CORRECT AND INSURE THE RELIABILITY OF APPELLANT'S PROBATION RECORDS.

STATEMENT OF FACTS.........................................................................8

SUMMARY OF THE ARGUMENTS............................................................8

STATE'S COUNTERPOINT NO. 1, RESTATED
(In Response to Appellant's Issues 1and 2.................................................9

CONCLUSION....................................................................................15

CERTIFICATE OF SERVICE..................................................................15

## NAMES OF ALL PARTIES

As this is an appeal from a criminal conviction, the only parties are the Appellant, the Appellant's attorney, and the State of Texas by and through the District Attorney of Wood County, Texas. The names of those persons are:

Appellant :

Jackie Mae Cornwell
1241 Fuller Dr.
Dallas, TX 75218

Attorneys for Appellant:

Trial

Larry King
Attorney at Law
P.O. 1029
Quitman, TX 75783

Appeal:

Troy Hornsby
Attorney at Law
1725 Galleria Oaks Drive
Texarkana, TX 75503

Appellee:

The State of Texas

Attorneys for Appellee:

Jim Wheeler
Criminal District Attorney

Trial

Angela Hammonds
Assistant Criminal District Attorney

Appeal

Henry Whitley
Special Assistant Criminal District Attorney

P.O. Box 689
Quitman TX 75755
903-763-4515

# LIST OF AUTHORITIES

**Cases**

Barker v. State 2012 WL 2832534 (Tex. App., Tyler, 2012, not designated for publication) ................................................................ 10

Bell v. State 176 S.W.3d 90 (Tex. App., Hou [1 Dist], 2004) ........................... 14

Clayton v. State 235 S.W.3d 772 (Tex. Crim. App., 2007) ............................. 10

Green v. State 934 S.W.3d 92 (Tex. Crim. App., 1996) ..................................... 8

Harris v. State 846 S.W.2d 960 (Tex. App., Hou [1 Dist], 1993, pet. ref'd.) ................... 14

Jackson v. State 505 S.W.2d 916 (Tex. Crim. App., 1974) ............................. 10

Lincon v. State 253 S.W.3d 699 (Tex. Crim. App., 2008) ................................ 10

McCarley v. State 763 S.W.2d 630 (Tex. App., San Antonio, 1989) ........................... 13

Melder v. State 2014 WL 1922570 (Tex. App., Tyler, 2014, not designation for publication) ................................................................ 10

Robinson v. State 387 S.W.3d 815 (Tex. App., Eastland, 2012) ............................. 11

Rogers v. State 183 S.W.3d 853 (Tex. App., Tyler, 2005) ................................... 9

Rezaie v. State 259 S.W.3d 811 (Tex. App., Hou [1 Dist], 2008, pet. ref'd., J. Jennings concurring) ................................................................ 14

Smith v. State 2014 WL 357006 (Tex. App., Tyler, 2014, not designated for publication) ................................................................ 12

Smith v. State 683 S.W.3d 393 (Tex. Crim. App., 1984). ............................. 13

Staley v. State 888 S.W.2d 45 (Tex.App., Tyler, 1994) ................................ 10

Thompson v. State 426 S.W.3d 206 (Tex. App., Hou [1 Dist], 2013, pet. ref'd.) ........... 11

Tidrow v. State 916 S.W. 623 (Tex. App., Ft. Worth, 1996) ............................. 14

Weaver v. State 2006 WL 3317726 (Tex. App., Waco, 2006, not designated for publicatiion) ................................................................ 13

Young v. State 183 S.W.3d 688 (Tex. App., Tyler, 2006, pet. ref'd.) ........................... 13

**Statutes**

Tex. Code Crim. Proc., art 42.12 ................................................................. 14

Tex. Penal Code, art. 30.04 ......................................................................... 6

**Rules**

Tex. Rules Evid., rule 803(6) ........................................................................ 11

Tex. Rules Evid., rule 902(10)(b) .................................................................. 14

NO. 12-14-00294-CR

IN THE COURT OF APPEALS

FOR THE

TWELFTH SUPREME JUDICIAL DISTRICT OF TEXAS

JACKIE MAE CORNWELL,
APPELLANT

vs.

THE STATE OF TEXAS,
APPELLEE

TO THE HONORABLE COURT OF APPEALS:

Appellee, the State of Texas, respectfully submits this brief in reply to the brief of

Appellant, Jackie Mae Cornwell. This is an appeal from a conviction (probation

revocation) of the offense of Burglary of a Vehicle in the County Court of Wood County,

Texas, the Honorable Bryan Genes, judge presiding.

### THE CASE IN BRIEF

The Charge.. ……………………………………………………………… Burglary of a Vehicle

The Pleas………………………………………………………………………….. Not True

The Verdicts………………………………………………………………………….True
(Judge)

The Sentence……………………………………………………One Hundred Twenty (120)
Days County Jail (Judge)

### STATEMENT OF THE CASE

As summarized above, Appellant was charged with Burglary of a Vehicle,

conduct proscribed by Tex. Penal Code, art. 30.04, a Class A misdemeanor. The

6

offense was alleged to have occurred on or about November 11, 2011. An Information charging Appellant with the commission of the offense was filed based on the sworn affidavit of Jerry Hirsh dated November 29, 2011. ( C.R. 1-2). On October 3, 2012, Appellant waived her right to a jury trial, entered a plea of "Guilty", and was sentenced to serve 180 days confinement in the Wood County Jail and a fine of $750.00 with the jail sentence probated for a period of one (1) year. (C.R. 20-24). On March 11, 2013, the State filed its Motion To Revoke Community Supervision alleging four (4) violations, i.e. failure to report, three (3) allegations of failure to pay fees, and two (2) miscellaneous violations i.e. failure to complete community service and failure to reimburse court appointed attorney's fees. ( C.R. 33-34). A revocation hearing commenced on September 16, 2014, on Appellant's plea of "Not True". (RR II. 1; CR 50). The court found all the allegations to be "True". Thereafter, the court revoked Appellant's probation and assessed punishment at 120 days confinement in the Wood County Jail. (CR 50-51; RR 22-23). Sentence was pronounced and counsel gave oral notice of appeal. Pro se written notice of appeal was filed on September 23, 2014. (CR 51, 58; RR II. 23). Appellant now brings this appeal complaining that (1) the probation officer's testimony was inadmissible because he did not have personal knowledge of Appellant's probation noncompliance, and (2) the probation officer's testimony was inadmissible hearsay because it was based solely on the contents of the probation file which was not qualified under the business records predicate. (BOA 8). The State will demonstrate that these complaints are without merit and the trial court's judgment should be affirmed.

## STATE' S COUINTERPOINTS

7

## COUNTERPOINT NO. 1

AS THE SOLE JUDGE OF THE CREDIBILITY OF THE WITNESSES AND THE WEIGHT TO BE GIVEN THEIR TESTIMONY THE TRIAL COURT RESOLVED CONFLICTING TESTIMONY IN FAVOR OF THE STATE FINDING WITNESS DAVENPORT HAD PERSONAL KNOWLEDGE OF THE VIOLATIONS DOCUMENTED IN THE APPELLANT'S PROBATION FILE.

## COUNTERPOINT NO. 2

THE BUSINESS RECORDS PREDICATE CONTAINED IN TEX. RULES EVID., RULE 803(6) IS SUFFICIENTLY DEVELOPED TO BE SUBSTANTIALLY CORRECT AND INSURE THE RELIABILITY OF APPELLANT'S PROBATION RECORDS.

## STATEMENT OF FACTS

Appellant does not challenge the sufficiency of the evidence. Accordingly, in the interest of brevity, a detailed recitation of the facts of this relatively short proceeding is unnecessary and can be sufficiently developed in the Statement of the Case and Counterpoints contained in the brief.

## SUMMARY OF THE ARGUMENTS

COUNTERPOINT NO. 1: AS THE SOLE JUDGE OF THE CREDIBILITY OF THE WITNESSES AND THE WEIGHT TO BE GIVEN THEIR TESTIMONY THE TRIAL COURT RESOLVED CONFLICTING TESTIMONY IN FAVOR OF THE STATE FINDING WITNESS DAVENPORT HAD PERSONAL KNOWLEDGE OF THE VIOLATIONS DOCUMENTED IN THE APPELLANT'S PROBATION FILE.

State's Witness Matt Davenport, the misdemeanor probation supervisor, gave conflicting testimony as to whether or not he had personal knowledge of Appellant's probation violations as documented in the probation file. The trial judge acting as the fact finder resolved the conflict in favor of the State and allowed the witness to testify from the records. It is within the sole province of the fact finder to resolve conflicts in the testimony and to judge the credibility and the weight to be given the testimony.

8

COUNTERPOINT NO. 2: THE BUSINESS RECORDS PREDICATE CONTAINED IN TEX. RULES EVID., RULE 803(6) IS SUFFICIENTLY DEVELOPED TO BE SUBSTANTIALLY CORRECT AND INSURE THE RELIABILITY OF APPELLANT'S PROBATION RECORDS.

Appellant's sole objection to Davenports testimony was that there was no predicate to qualify the probations records as a business record to the hearsay rule. A "no predicate" objection is a general objection that lacks the specificity necessary to advise the trial court of the basis for the objection. Such an objection fails to preserve the issue for appellate review. On the merits, the State directly established three (3) of the four (4) prongs of the business records predicate and the fourth by presumption. Absent a showing of a lack of reliability and/or trustworthiness, a substantially correct predicate is sufficient to qualify the records as a business record exception to the hearsay rule.

## STATE'S COUNTERPOINT NO. 1, RESTATED
(In Response to Appellant's Issue No. 1)

## STATE'S COUNTERPOINT NO. 2, RESTATED
(In Response to Appellant's Issue No. 2)

Appellant complains that the trial court erred in allowing State's witness, Matt Davenport, the misdemeanor supervisor, to testify to Appellant's non-compliance with the terms of her probation on two (2) grounds, to wit: (1) he lacked personal knowledge of the violations, and (2) his testimony was based on information contained in her probation file that was not proven up as a business record under Tex. Rules Evid., rule 803(6) (hereinafter business Records Act). Based on those complaints he concludes that Davenport's testimony should have been excluded. (BOA 11, 15).

### Standard of Review

This court has summarized the applicable standard of review in Rogers v. State, i.e.,

9

We review the trial court's decision to admit or exclude evidence under an abuse of discretion standard. The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action; rather, it is a question of whether the court acted without reference to any guiding rules or principles. The mere fact that a trial court may decide a matter within its discretionary authority differently than an appellate court does not demonstrate such an abuse. We will not reverse a trial court's ruling on the admission of evidence as long as the ruling is within the zone of reasonable disagreement.

183 S.W.3d 853, 857 (Tex. App., Tyler, 2005). See also Green v. State 934 S.W.3d 92, 101-02 (Tex. Crim. App., 1996).

## Lack of Personal Knowledge

Although Davenport later answered "yes" to the prosecutor's question " Are you a person of knowledge with the events and things recorded in these records?", both his earlier and subsequent testimony could support the conclusion that he had no knowledge of the violations other than what was reflected in the probation records. (RR II. 9-10, 17-18). However, the trial judge as the trier of fact is the sole judge of the credibility of the witness and the weight to be given his testimony. He is free to accept or reject some, all, or none of the evidence presented by either side. Lancon v. State 253 S.W.3d 699, 707 (Tex. Crim. App., 2008); Melder v. State 2014 WL 1922570, 5 (Tex. App. , Tyler, 2014, not designation for publication). Further, a witness may be believed even though some of his testimony may be contradicted and part of his testimony recorded, accepted, and the rest rejected. Jackson v. State 505 S.W.2d 916 (Tex. Crim. App., 1974). In so doing it is the trial judge's sole responsibility as the trier of fact to resolve conflicts in the testimony in reaching a decision. See e.g., Staley v. State 888 S.W.2d 45, 48 (Tex.App., Tyler, 1994, no pet.); Barker v. State 2012 WL 2832534, 3 (Tex. App., Tyler, 2012). As there is rational support in the record in favor of the trial court's verdict, this court

should presume that the conflicts were resolved in favor of the State and defer to that determination. See e.g., Clayton v. State 235 S.W.3d 772, 778 Tex. Crim. App., 2007); Thompson v. State 426 S.W.3d 206, 209 (Tex. App., Hou [1 Dist], 2013, pet ref'd); Robinson v. State 387 S.W.3d 815, 819 (Tex. App., Eastland, 2012). Additionally, when viewed under the abuse of discretion standard of review in the worst case scenario the court's ruling falls within the zone of reasonable disagreement and should not be disturbed.

## Business Records Act

### Procedural

As above noted Appellant complains in Issue 2 that Davenport's testimony should have been excluded as hearsay as it was based solely on information contained in her probation file that was not qualified as a business record. Tex. Rules Evid., rule 803(6) provides in its pertinent parts that a record kept in the regular course of business may be admitted into evidence as an exception to the hearsay rule if the testifying sponsor lays the statutory predicate,

1. The data contained in the record was made at or near the time of the event recorded
2. By a person with knowledge of the event recorded and
3. It was the regular practice of the business to make such records, and
4. the testifying witness was a custodian of the records

Appellant concedes that the records were kept in the regular course and that he is the person with knowledge of the events and things recorded in the records. He complains that the State failed to elicit that the documents were made in the regular course of business and that the documents were made at or near the time of the acts or

11

conditions sought to be shown. (BOA 15). This court has stated the requisites for preserving error for appellate review,

> As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling with sufficient specificity to make the trial court aware of the complaint. *See* TEX.R.APP. P. 33.1(a)(1)(A). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or if the trial court refused to rule, the complaining party must have objected to the refusal. *See* TEX.R.APP. P. 33.1(a)(2). In other words, a defendant must both object and pursue the objection to an adverse ruling to preserve error regarding an allegedly improper jury argument. *Archie v. State,* 221 S.W.3d 695, 699 (Tex.Crim.App.2007). A defendant's failure to object to a jury argument or pursue to an adverse ruling on his objection to a jury argument forfeits his right to complain about the argument on appeal. *Cockrell v. State,* 933 S.W.2d 73, 89 (Tex.Crim.App.1996).

Smith v. State 2014 WL 357006, 1 (Tex. App., Tyler, 2014). Appellant's first objection to testimony based on the file contents was to the amount of fine that had been paid. It was overruled; however, the identical question immediately followed and was answered "none" without objection. (RR II. 12). He next objected on "hearsay" grounds to the current amount followed by a "There's no predicate that these records are --" clarification. His objection was overruled. The same question was again ask and an objection was again overruled. At this point Appellant requested and was granted a running objection to this line of questioning. (RR II. 13-14). The State then ask,

> Q. Mr. Davenport, is it in your regular course of business to keep all the records of misdemeanor probation?
> A. Yes.
>
> .......................................
>
> Q. Are you a person of knowledge with the events and things recorded in these records?
> A. Yes.

establishing three (3) of the four prongs of the 803(6) predicate. It had already been established that Davenport was the custodian of the misdemeanor records. (RR II. 10,

14, 19). When the State returned to a question eliciting testimony based on the contents of the file the following exchange occurred,

Q. Did Ms. Cornwell pay the $60 per month to community supervision and corrections --

MR. KING: Your Honor, I'm going to object. If she's trying to get under some kind of business records predicate, she hasn't laid the predicate to --

MS. HAMMOND: I just laid --

MR. KING: That's not proper predicate.

MS. HAMMOND: It is the proper predicate, Your Honor.

THE COURT: I'll overrule the objection.

This court has previously opined that a "no predicate" objection is a general objection that lacks the specificity necessary to advise the trial court of the basis for the objection. Further, such an objection fails to preserve the issue for appellate review. Young v. State 183 S.W.3d 688, 704 (Tex. App., Tyler, 2006, pet. ref'd.) citing Smith v. State 683 S.W.3d 393, 403-04 (Tex. Crim. App., 1984). See also, McCarley v. State 763 S.W.2d 630, 632 (Tex. App., San Antonio, 1989); Weaver v. State 2006 WL 3317726 (Tex. App., Waco, 2006, not designated for publication). Appellant's objection lacks the specificity to inform the trial court exactly how the predicate is deficient and is nothing more than a general objection that preserves nothing for appellate review.

Merits

As previously noted, Appellant concedes that Davenport testified to two (2) of the four (4) prongs of the Business Records predicate, i.e. (1) it was in the regular course of business to keep such records, and (2) he was a person with knowledge of the events and things recorded in the records. He complains that the predicate fails to establish (1)

13

that the documents were "made" in the regular course of business, and (2) that the documents were made at or near the time of the acts or conditions sought to be shown. His play on words "keep/made" is basically a distinction without a difference. Accordingly, the State established three (3) of the four (4) prongs of the predicate omitting that they were made at or near the time of events recorded. Presumably, the probation officer who made the entries in the records had knowledge of the events recorded. Rezaie v. State 259 S.W.3d 811, 815 (Tex. App., Hou [1 Dist], 2008, pet. ref'd., J. Jennings concurring). As such, the predicate is substantially correct.[1] Moreover, the ultimate issue is not whether the predicate is substantially correct, but whether the record is reliable and trustworthy. Rezaie, supra; Bell v. State 176 S.W.3d 90, 93 (Tex. App., Hou [1 Dist], 2004); Tidrow v. State 916 S.W. 623, 631 (Tex. App., Ft. Worth, 1996); Harris v. State 846 S.W.2d 960 963-64 (Tex. App., Hou [1 Dist], 1993, pet. ref'd.). As in Rezaie, Bell, Tidrow, and Harris the State relied on the record in the course of conducting its statutory business, i.e. supervising persons charged and/or convicted of criminal conduct. It maintains the records to determine if a probationer complies with his court ordered conditions, e. g. commit no criminal offense; reporting; urinalysis and breath testing; payment of fines, fees, and costs; and community service performance and has a compelling interest in their trustworthiness as an individual's liberty could depend on their accuracy. Tex. Code Crim. Proc., art 42.12; (CR 24, 33, 50; RR II. 13-15). Further, Appellant did not and does not question their trustworthiness or in any way suggest directly or indirectly that their contents are in any way inaccurate. As such the trial court did not abuse its discretion in allowing Davenport to testify from

---

[1] Tex. R. Evid., rule 902(10)(b) dealing with the written affidavit expressly provides that substantial compliance with the statutory form shall be sufficient.

the records.  In the worst case scenario the court's action falls within the zone of reasonable disagreement and should not be disturbed.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, there being legal and competent evidence to justify the verdict and no error appearing in the record of the trial of the case, the State moves the Court to affirm the judgment of the trial court below.

Respectfully submitted,

JIM WHEELER
CRIMINAL DISTRICT ATTORNEY
WOOD COUNTY, TEXAS


/S/ HENRY WHITLEY
HENRY WHITLEY, SPECIAL ASSISTANT
CRIMINAL DISTRICT ATTORNEY
STATE BAR NO. 21376000
WOOD COUNTY COURTHOUSE
QUITMAN, TEXAS  75783
903/763-4515

ATTORNEYS FOR APPELLEE,
THE STATE OF TEXAS

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Brief has been served on Troy Hornsby, Attorney for Appellant, 1725 Galleria Oaks Drive, Texarkana, TX 75503 by depositing same in the United States Mail, Postage Prepaid, on this 9th day of February, 2015.


/S/ HENRY WHITLEY
HENRY WHITLEY

15

## CERTIFICANT OF COMPLIANCE

Pursuant to <u>Tex. R. App. Proc.</u>, rule 9.4(i)(3), I hereby certify that the total word count contained herein is 3385 words, including footnotes, according to the word count feature of Word 2000.

/s/ HENRY WHITLEY
HENRY WHITLEY